The Honorable Randy Stewart State Representative Post Office Box 23 Kirby, Arkansas 71950-0023
Dear Representative Stewart:
I am writing in response to your request for my opinion regarding the constitutionality of a hypothetical tax statute. As background for your question, you reference the Arkansas Supreme Court's decision inPledger v. Bosnick, 306 Ark. 45, 811 S.W.2d 286 (1991). InPledger, as you note, the court held that an Arkansas statute was unconstitutional because it favored retired Arkansas civil servants over retired federal civil servants by taxing the retired federal employees more than the retired Arkansas employees. The Arkansas Supreme Court held that a federal rule prohibited Arkansas from favoring its own retired civil servants over retired federal civil servants.
Your question reverses the facts at issue in Pledger by asking whether Arkansas may treat retired federal servants more favorably than retired Arkansas servants:
 May the General Assembly [constitutionally] establish an income tax exemption for federal retirement income or military personnel retirement income that is greater than the income tax exemption provided to other retirees?[1]
Would this result in any constitutional issues since retirement income earned in Arkansas would be treated differently than retirement income earned by federal employees or military personnel? *Page 2 
RESPONSE
I lack sufficient information to satisfactorily respond to this question. I cannot speculate regarding the effect of a hypothetical law, particularly without considering the actual language of the law as a whole and in relation to other laws on the same subject.
In the background for your question, you refer to the version of an Arkansas tax statute the Arkansas Supreme Court declared unconstitutional in Pledger v. Bosnick, 306 Ark. 45, 811 S.W.2d 286
(1991). As noted above, the latter tax statute favored retired Arkansas state employees over retired federal employees. The court inPledger declared that statute unconstitutional because it violated the intergovernmental tax immunity doctrine. Id. at 54,811 S.W.2d at 291-92. That doctrine prohibits states from, inter alia, favoring a state's own retired employees over retired federal employees.
Your question asks about a hypothetical law that reverses the factual issue treated in Pledger. You ask whether a state can favor federal retirees over state retirees. Accordingly, Pledger does not control the hypothetical law you have proposed because the basis on whichPledger was decided — the intergovernmental tax immunity doctrine — would not be at issue. In your hypothetical, the state is not favoring its own retirees over federal retirees. Accordingly, the legal issues considered in Pledger do not control your hypothetical.
Because Pledger does not control your hypothetical, and you ask whether your hypothetical law would be constitutional, some other constitutional analysis would have to be conducted to assess the constitutionality of your proposed law. For example, the disparate treatment you describe might amount to an equal-protection violation. The constitutional doctrine of equal protection (which arises out of theFourteenth Amendment to the United States Constitution) prohibits certain types of classifications. A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. To establish an equal-protection violation arising out of a classification that does not involve a protected class, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis. United States R.R. Retirement Bd. v. Fritz,449 U.S. 166 (1980);Hall v. Board of Trustees of Ark. Pub. Retirement Sys., 671 F.2d 269 (8th Cir. 1982); *Page 3 Medlock v. Leathers, 311 Ark. 175, 842 S.W.2d 428 (1992); Streight v.Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983); Op. Att'y Gen. 99-183.
In the abstract, I cannot assess whether your hypothetical rises to the level of an equal-protection violation, or any other constitutional violation. To conduct the necessary constitutional analysis, I would need to reference the details of the (proposed) legislation. In the absence of those details, I am unable to conclusively address your hypothetical.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] By the phrase "other retirees," I assume you mean "other retirees from Arkansas's civil service." I make this assumption because of your reference to the facts at issue in Pledger, in which the "other retirees" were retirees from Arkansas's civil service system.

 *Page 1